```
 1                   UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF TEXAS
 2                         SHERMAN DIVISION

 3    UNITED STATES OF AMERICA      | DOCKET 4:21-CR-253(1)
                                    |
 4                                  | JUNE 20, 2024
      VS.                           |
 5                                  | 9:49 A.M.
                                    |
 6    KINGSLEY ITA                  | SHERMAN, TEXAS

 7    -----------------------------------------------------------

 8              VOLUME 1 OF 1, PAGES 1 THROUGH 13

 9         REPORTER'S TRANSCRIPT OF SENTENCING HEARING

10           BEFORE THE HONORABLE AMOS L. MAZZANT, III,
                   UNITED STATES DISTRICT JUDGE
11
      -----------------------------------------------------------
12

13   APPEARANCES:

14   FOR THE GOVERNMENT:      HEATHER HARRIS RATTAN
                              U.S. ATTORNEY'S OFFICE - PLANO
15                            101 E. PARK BOULEVARD, SUITE 500
                              PLANO, TX 75074
16

17   FOR THE DEFENDANT:       DOUGLAS H. SCHOPMEYER
                              FEDERAL PUBLIC DEFENDER'S OFFICE
18                            600 EAST TAYLOR, SUITE 4000
                              SHERMAN, TEXAS 75090
19

20   COURT REPORTER:          CHRISTINA L. BICKHAM, CRR, RDR
                              FEDERAL OFFICIAL REPORTER
21                            101 EAST PECAN
                              SHERMAN, TX 75090
22

23

24        PROCEEDINGS RECORDED USING MECHANICAL STENOGRAPHY;
       TRANSCRIPT PRODUCED VIA COMPUTER-AIDED TRANSCRIPTION.
25
```

1        (Open court, Defendant present.)
2        THE COURT:  The next case is 4:21-cr-253, *United States of America versus Kingsley Ita*.
4        MS. RATTAN:  Good morning, your Honor.  Heather Rattan for the United States.
6        THE COURT:  And have you seen Mr. Schopmeyer? We're a few minutes ahead of schedule so --
8        MS. RATTAN:  He's here.  I saw him.
9        (Off the record briefly.)
10       THE COURT:  Okay.  Mr. Schopmeyer, if you want to make your appearance.
12       MR. SCHOPMEYER:  Douglas Schopmeyer, Federal Public Defender, your Honor, for Mr. Kingsley.
14       THE COURT:  Okay.  So, sir, you are here for your sentencing pursuant to your final presentence report that was filed on April 1st, 2024.  Have you had the chance to review the final presentence report, sir?
18       THE DEFENDANT:  Yes, your Honor.
19       THE COURT:  Have you had a chance to discuss it with Counsel?
21       THE DEFENDANT:  Yes, your Honor.
22       THE COURT:  Do you understand it?
23       THE DEFENDANT:  Yes, your Honor.
24       THE COURT:  Do you believe the report adequately covers your background?

```
 1              THE DEFENDANT:  Yes, your Honor.
 2              THE COURT:  And are you satisfied with the
 3   accuracy of the report?
 4              THE DEFENDANT:  Yes, your Honor.
 5              THE COURT:  Mr. Schopmeyer, have you had the
 6   chance to review the final presentence report with your
 7   client, and do you believe he understands it?
 8              MR. SCHOPMEYER:  Your Honor, I have had the
 9   opportunity to review it with my client, and I believe he
10   fully comprehends the PSR, your Honor.
11              THE COURT:  And do you have any comments,
12   additions, or corrections to the report?
13              MR. SCHOPMEYER:  I do not, your Honor.
14              THE COURT:  On behalf of the Government,
15   Ms. Rattan, any comments, additions, or corrections?
16              MS. RATTAN:  No, your Honor.
17              THE COURT:  And there were no objections by either
18   side?
19              MS. RATTAN:  Correct.
20              MR. SCHOPMEYER:  No objections, your Honor.
21              THE COURT:  Okay.  Sir, you pleaded guilty to
22   Count 1, conspiracy to commit wire fraud.  To the extent
23   the Court hadn't fully accepted the Plea Agreement, the
24   Court will fully accept it now.
25              So the Court finds the information contained in
```

1  the presentence report has sufficient indicia of
2  reliability to support its probable accuracy.  The Court
3  adopts the factual findings, undisputed facts, and the
4  guideline applications in the presentence report.
5         Based upon a preponderance of the evidence
6  presented and the facts in the report, while viewing the
7  sentencing guidelines as advisory, the Court concludes as
8  follows:  Your total offense level is a 16, your criminal
9  history category is a I, which provides for an advisory
10 guideline range of 21 to 27 months' imprisonment.
11        Now, I have the Government's motion for variance
12 or -- upward variance or upward departure.  So what I may
13 do is switch and have the Government go first and then,
14 Mr. Schopmeyer, you can respond.
15        MR. SCHOPMEYER:  Yes, Judge, and if I could just
16 make a quick comment.  I do not believe the Government's
17 motion for variance was timely filed, your Honor.  It was
18 filed two days ago.
19        THE COURT:  Okay.  Well, I'm not sure what the
20 deadline would be for that.  Irrespective of whether or not
21 it's timely or not, I would have brought it up myself
22 whether or not we should go up anyways but -- so I'm going
23 to let the Government -- whether it's timely or not, I'm
24 still considering going up on my own so -- but I thought
25 I'd still better let them go first, if you don't mind.

1          MS. RATTAN:  Thank you, your Honor.  I know the
2    Court is well familiar with the facts that support this
3    indictment.  This Defendant accepted responsibility and
4    didn't go to trial, but it's very noteworthy what his role
5    was in this organization.  Black Axe is an international
6    fraud organization that participates not just in fraud but
7    also extortion and blackmail.  If you look on Wikipedia,
8    Black Axe is there.  There are multiple explanations of
9    exactly what the organization is online.
10         And this Defendant has been identified as a zonal
11   head leader within the Black Axe organization, and it's
12   noted in the PSR that three different cooperators explained
13   exactly what his role was.  They are cited in the PSR, I
14   believe on pages 6 and 7.  So he's a zonal head leader of
15   an international fraud organization.
16         Additionally, we've placed in our motion for
17   variance that he participated in marriage fraud, so his
18   status here in the United States is even questionable.
19         So predominately based on his role and leadership
20   in the Black Axe organization, we would ask the Court to
21   consider a higher sentence.
22         THE COURT:  Mr. Schopmeyer, what is your position
23   about that as well as what the sentence should be?
24         MR. SCHOPMEYER:  Your Honor, I find that the
25   United States Sentencing Guidelines have, I believe,

1  accurately covered this situation.  First, I note that
2  there are no Section (e) variance recommendations, that
3  the -- Mr. Lujan, who prepared -- did an excellent job
4  preparing the PSR found that the advisory guideline range
5  should be 21 to 27 months.  And he did recommend that
6  Mr. Ita receive at the high end, 27 months.  Judge, I find
7  that to be appropriate, and I would like to enumerate a
8  couple reasons why I believe so.
9          First of all, as the prosecutor pointed out,
10 Mr. Ita decided to enter a plea bargain.  He was honest.
11 He was straightforward.  He did not drag the Court through
12 a unnecessary jury trial.  He stepped forward.  He made an
13 admission as to what his conduct was.
14          Second, the -- as far as the loss amount, the
15 reason he is in the area that he is is because of the loss
16 amount.  And I think while it is a large amount, I think it
17 is reflected in the punishment itself.  Had he caused more
18 damage, he would have been in a higher guideline range, but
19 he simply did not.  That's why I believe it is appropriate.
20          THE COURT:  If you'll speak into the microphone.
21          MR. SCHOPMEYER:  Oh, I'm sorry, your Honor.
22          Finally, I point out that he does not have a prior
23 criminal record and that it -- the counter to that would
24 be, well, he came from another -- foreign country.  There
25 simply is no evidence that he has ever been involved.  They

1  can talk about the group that he was part of, but he just
2  simply has not had any contact with the authorities in this
3  country or, it appears, any other.
4          So I respectfully ask the Court to follow the
5  wisdom of the United States Sentencing Guidelines and
6  sentence Mr. Kingsley within the guidelines.
7          THE COURT:  Ms. Rattan, do you have a response
8  before I call upon the Defendant?
9          MS. RATTAN:  The only thing I'd point out -- it's
10 not so much a response to what Counsel said -- is the
11 actual messages, the text messages that were intercepted
12 related to this Defendant.  I mean, what can you say?  They
13 directly tied everything that was presented to the Court at
14 the trial.  Someone's asking for bank accounts to drop 20-
15 to $30,000 a day in for a two-week period and he responds
16 by negotiating the percentage of the proceeds, it's going
17 to be unemployment, fraud, and the percentages are going to
18 be 50/50, and he's like okay.  I mean, that's what he does
19 all day every day.
20         And although we can't tie him to any of the
21 victims that the Court heard from, this is the type of
22 fraud that he's involved in, and he's supervising.  He's a
23 zonal head.  So I -- if there is a case that supports a
24 departure, it's certainly this one.
25         THE COURT:  Okay.  So, sir, you have the right to

1  address the Court prior to sentencing.  Now would be the
2  time if you wanted to say something.
3          THE DEFENDANT:  Your Honor, I just -- I want to
4  take responsibility for my actions, and I apologize to this
5  courtroom.  I have two lovely kids that I have to go back
6  to.  I just -- I'm sorry for whatever role I have played
7  here, and I just ask you to -- I ask the Court for
8  apologies.  I'm really sorry.
9          THE COURT:  Okay.  Thank you.
10         Any reason why the Court should not pronounce
11 sentence at this time?
12         MS. RATTAN:  No, your Honor.
13         MR. SCHOPMEYER:  No reason at law, your Honor.
14         THE COURT:  So, sir, I know that, of course, you
15 pleaded guilty and didn't go to trial like some of the
16 others did.  Of course -- and you don't have any criminal
17 history.  But the full picture -- since I did go to trial
18 on other defendants, I've seen the full picture of the
19 whole -- this large conspiracy.
20         I understand the Government may have filed their
21 motion late.  But, as I indicated, I just didn't think
22 that -- the guideline range the way it came out, in my
23 view, also didn't incorporate everything and should have
24 incorporated everything in terms of what the appropriate
25 sentence should be.

1  I do -- whether I do it on my own or I grant the
2  Government's motion, I do think an upward variance is
3  appropriate here.  And it doesn't capture your role in the
4  Black Axe, and that's a serious kind of issue because that
5  causes a great danger to our community because I have an
6  obligation to protect the community, give you just
7  punishment.
8       And then, of course, the Government raises the
9  issue of whether there is marriage fraud.  You know, I
10 can't say that definitively there is or isn't.  But it's
11 just one of the little things that's not captured in terms
12 of the guideline range.
13      But primarily, you know, because of the general
14 victims that this scheme has impacted and to protect
15 society and deter, I do think an upward variance is
16 appropriate and I will do so.
17      Pursuant to the Sentencing Reform Act of 1984,
18 having considered the factors noted in 18 USC,
19 Section 3553(a), and having consulted the advisory
20 sentencing guidelines, it is the Judgment of the Court that
21 the Defendant is hereby committed to the custody of the
22 Bureau of Prisons to be imprisoned for 120 months on
23 Count 1 of the First Superseding Indictment.
24      While incarcerated, it is recommended that you
25 participate in the Inmate Financial Responsibility Program

```
 1  in accordance with the requirements of the program.  If you
 2  participate in the program, you shall pay 50 percent of
 3  your earnings per pay period to your outstanding monetary
 4  penalties.
 5           The determination of restitution is deferred for a
 6  period not to exceed 90 days from the date of this order --
 7  or date of the Judgment.
 8           The Court finds that you don't have the ability to
 9  pay a fine.  I'll waive the fine in this case.
10           It is ordered that you will pay the United States
11  a special assessment of $100, which is due and payable
12  immediately.
13           Also you don't have the ability to pay interest.
14  I'll waive the interest requirement in this case.
15           Any monetary penalty that remains unpaid when your
16  supervision commences is to be paid on a monthly basis at a
17  rate of at least 10 percent of your gross income.  The
18  percentage of gross income to be paid with respect to any
19  restitution and/or fine is to be changed during
20  supervision, if needed, based on changed circumstances,
21  pursuant to 18 United States Code, Section 3664(k) and/or
22  18 United States Code, Section 3572(d)(3).
23           If you receive any inheritance, any settlements
24  (including divorce settlements and personal injury
25  settlements), gifts, tax refunds, bonuses, lawsuit awards,
```

1   and any other receipt of money (to include, but not be
2   limited to, gambling proceeds, lottery winnings, and money
3   found or discovered), you must, within five days of
4   receipt, apply 100 percent of the value of such resources
5   to any financial penalty ordered.
6          None of the payment terms imposed by this Judgment
7   preclude or prohibit the Government from enforcing the
8   unpaid balance of the restitution or monetary penalties
9   imposed herein.
10         Upon release from imprisonment, you shall be
11  placed on supervised release for a term of two years.
12  Within 72 hours of release from the custody of the Bureau
13  of Prisons, you must report in person to the Probation
14  Office in the district where you are released.
15         You must not commit another federal, state, or
16  local crime and must comply with the standard conditions
17  that have been adopted by this Court in General Order 17-3.
18  In addition, you must comply with the mandatory and special
19  conditions and instructions that have been provided to you
20  and your counsel as part of the presentence report prior to
21  sentencing, which the Court hereby adopts.
22         And then did you go over our General Order 17-3?
23         MR. SCHOPMEYER:  Your Honor, we did review it, and
24  my client has no objection to it.
25         THE COURT:  And then would you like me to

```
 1  recommend a placement facility?
 2          MR. SCHOPMEYER:  Your Honor, my client would like
 3  to be somewhere in Colorado.
 4          THE COURT:  Okay.  I'll just put "Colorado."  I'm
 5  not sure what facilities are there, but I'll just put
 6  "Colorado."
 7          MR. SCHOPMEYER:  Thank you.
 8          THE COURT:  And then, sir, you have the right to
 9  appeal your conviction if you believe your guilty plea was
10  somehow unlawful or involuntary or if there was some other
11  fundamental defect in the proceedings that were not waived
12  by your guilty plea.
13          You have a statutory right to appeal your sentence
14  under certain circumstances, particularly if you believe
15  your sentence is contrary to law.  However, you can waive
16  some of these rights as part of your Plea Agreement, and
17  you have entered into a Plea Agreement which waives certain
18  rights to appeal your conviction and your sentence.
19          With the exception of the grounds reserved in your
20  Plea Agreement, you have waived any right to appeal in this
21  case.  Such waivers are generally enforceable, but if you
22  believe the waiver is not enforceable, you would need to
23  present that theory to the appellate court.  With few
24  exceptions, any Notice of Appeal must be filed within
25  14 days of the Judgment being entered in this case.
```

1      If you are unable to pay the cost of the appeal,
2 you can apply to appeal *in forma pauperis*, which is without
3 payment of fees.  And if you so request assistance, the
4 Clerk of the Court will prepare and file a Notice of Appeal
5 on your behalf.
6      The presentence report is already part of the
7 record.  It's under seal and will remain under seal unless
8 needed for purposes of appeal.
9      And then are there any charges to dismiss?
10     MS. RATTAN:  Yes, your Honor.  He pled to Count 1,
11 and we'd move to dismiss Count 2.
12     THE COURT:  Okay.  I'll grant that request.
13     And then anything further from the Government?
14     MS. RATTAN:  No, your Honor.
15     THE COURT:  Anything further from Defense?
16     MR. SCHOPMEYER:  Nothing further, your Honor.
17     THE COURT:  Okay.  Then, sir, you're going to go
18 back into custody of the marshals pending your placement
19 and good luck, sir.
20     (Proceedings concluded, 10:03 a.m.)

21 COURT REPORTER'S CERTIFICATION
22       I HEREBY CERTIFY THAT ON THIS DATE, JULY 18,
23 2024, THE FOREGOING IS A CORRECT TRANSCRIPT FROM THE RECORD OF PROCEEDINGS.
24            /s/
               CHRISTINA L. BICKHAM, CRR, RDR
25