# UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS SHERMAN DIVISION

| UNITED STATES OF AMERICA | § | AMENDED |
|---|---|---|
|  | § | JUDGMENT IN A CRIMINAL CASE |
| v. | § |  |
|  | § | Case Number: **4:21-CR-00253-ALM-BD(7)** |
| **EDGAL IRIBHOGBE** | § | USM Number: **66389-509** |
|  | § | **Phillip Linder** |
|  | § | Defendant's Attorney |

**THE DEFENDANT:**

| | | |
|---|---|---|
| ☐ | pleaded guilty to count(s) | |
| ☒ | pleaded guilty to count(s) before a U.S. Magistrate Judge, which was accepted by the court. | **1 and 2 of the First Superseding Indictment** |
| ☐ | pleaded nolo contendere to count(s) which was accepted by the court | |
| ☐ | was found guilty on count(s) after a plea of not guilty | |

The defendant is adjudicated guilty of these offenses:

| **Title & Section / Nature of Offense** | | **Offense Ended** | **Count** |
|---|---|---|---|
| 18: 1349, 1343 | Conspiracy to Commit Wire Fraud | 10/11/2023 | 1 |
| 18:1956(h) | Conspiracy to Commit Money Laundering | 10/11/2023 | 2 |

The defendant is sentenced as provided in pages 2 through 10 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.9

☐ The defendant has been found not guilty on count(s)

☒ Remaining Count(s) and Underlying Indictment(s)  ☐ is  ☒ are dismissed on the motion of the United States

    It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**June 16, 2025**
Date of Imposition of Judgment

*/s/ Amos Mazzant*
Signature of Judge

**AMOS L. MAZZANT, III**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

**September 29, 2025**
Date

DEFENDANT: EDGAL IRIBHOGBE
CASE NUMBER: 4:21-CR-00253-ALM-BD(7)

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: 480 months.  The term consists of 240 months on Count 1 and 240 months on Count 2, to be served consecutively to Count 1.

☒ The court makes the following recommendations to the Bureau of Prisons:  While incarcerated, it is recommended the defendant participate in the Inmate Financial Responsibility Program in accordance with the requirements of the Inmate Financial Responsibility Program. If the defendant participates in the Inmate Financial Responsibility Program, the defendant shall pay 50% of earnings per pay period to the defendant's outstanding monetary penalties.  The Court recommends the Defendant be designated a BOP in Texas, if available.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

  ☐ at    ☐ a.m.  ☐ p.m.  on

  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

  ☐ before 2 p.m. on
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By
DEPUTY UNITED STATES MARSHAL

DEFENDANT:         EDGAL IRIBHOGBE
CASE NUMBER:       4:21-CR-00253-ALM-BD(7)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **three (3) years.** This term consists of terms of 3 years on each of Counts 1 and 2, all such terms to run concurrently.

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - [x] The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)
4. [x] You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. (*check if applicable*)
5. [x] You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)
6. [ ] You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)
7. [ ] You must participate in an approved program for domestic violence. (*check if applicable*)

You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

DEFENDANT:          EDGAL IRIBHOGBE
CASE NUMBER:        4:21-CR-00253-ALM-BD(7)

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____        Date _____

DEFENDANT: EDGAL IRIBHOGBE
CASE NUMBER: 4:21-CR-00253-ALM-BD(7)

## SPECIAL CONDITIONS OF SUPERVISION

As a condition of supervised release, immediately upon release from confinement, you must be surrendered to a duly authorized immigration official for deportation proceedings in accordance with the established procedures provided by the Immigration and Nationality Act, 8 U.S.C. §1101, et seq. If ordered deported, you must remain outside of the United States. In the event you are not deported, or for any reason re-enter the country after having been deported, you must comply with all conditions of supervised release, to include reporting to the nearest United States Probation Office within 72 hours of release by immigration officials or re-entry into the country.

You must provide the probation officer with access to any requested financial information for purposes of monitoring fine/restitution payments and employment.

You must not incur new credit charges or open additional lines of credit without the approval of the probation officer unless payment of any financial obligation ordered by the Court has been paid in full.

You must participate in any combination of psychiatric, psychological, or mental health treatment programs and follow the rules and regulations of that program, until discharged.  This includes taking any mental health medications as prescribed by your treating physician.  The probation officer, in consultation with the treatment provider, will supervise your participation in the program.  You must pay any cost associated with treatment and testing.

DEFENDANT: EDGAL IRIBHOGBE
CASE NUMBER: 4:21-CR-00253-ALM-BD(7)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments page.

|            | Assessment | Restitution    | Fine  | AVAA Assessment* | JVTA Assessment** |
|------------|-----------:|---------------:|------:|-----------------:|------------------:|
| **TOTALS** | $100.00    | $9,930,221.36  | $.00  | $.00             | $.00              |

☐ The determination of restitution is deferred until   An *Amended Judgment in a Criminal Case (AO245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

Restitution of $2,288,065.79, jointly and severally with co-defendant Sandra Popnen (4:21-cr-00253-6), to:

ARCHANA BAE  (REFERENCE: SANDRA, EDGAL)
$1,866.00

BW     (REFERENCE: SANDRA, EDGAL)
$105,000.00

CHRYSTAL HIGGINS    (REFERENCE: SANDRA, EDGAL)
$495,680.30

COLLEEN HECKMAN    (REFERENCE: SANDRA, EDGAL)
$1,720.00

DORIS BRESSER  (REFERENCE: SANDRA, EDGAL)
$23,000.00

JUDITH MAHAR  (REFERENCE: SANDRA, EDGAL)
$200,000.00

LADONNA MINK  (REFERENCE: SANDRA, EDGAL)
$40,000.00

NANCY WOODS  (REFERENCE: SANDRA, EDGAL)
$400,000.00

PAULA PAZUR  (REFERENCE: SANDRA, EDGAL)
$137,849.49

SAMUEL COGSWELL    (REFERENCE: SANDRA, EDGAL)
$22,950.00

SHEILA HAMMETT    (REFERENCE: SANDRA, EDGAL)
$60,000.00

SYLVIA PARKER BRYANT (REFERENCE: SANDRA, EDGAL)
$200,000.00

THOMAS WALKER    (REFERENCE: SANDRA, EDGAL)
$500,000.00

WILLIAM LAEHA  (REFERENCE: SANDRA, EDGAL)
$100,000.00

DEFENDANT:        EDGAL IRIBHOGBE
CASE NUMBER:      4:21-CR-00253-ALM-BD(7)

Restitution of $34,702.00, jointly and severally with co-defendant Sandra Popnen (4:21-cr-00253-6) and Kingsley Oziegbe (4:21-cr-00253-28), to:

    BARBARA LESHER
    $4,702.00

    REGINA LAMB   (REFERENCE: FRAUD)
    $30,000.00

Restitution of $3,780,453.57, jointly and severally with co-defendant Damilola Kumapayi (4:21-cr-00253-8) and Sandra Popnen (4:21-cr-00253-6), to:

    COMMONWEALTH OF MASSACHUSETTS     (REFERENCE: SANDRA, DAMILOLA, EDGAL)
    $3,165.00

    EDD LEGAL, MIC 53     (REFERENCE: SANDRA, DAMILOLA, EDGAL)
    $3,254,229.00

    EMPLOYMENT SECURITY DIVISION     (REFERENCE: SANDRA, DAMILOLA, EDGAL)
    $211,133.89

    ILLINOIS DEPARTMENT OF EMPLOYMENT SECURITY (REFERENCE: SANDRA, DAMILOLA, EDGAL)
    $261,205.00

    MARYLAND DEPARTMENT OF LABOR (REFERENCE: SANDRA, DAMILOLA, EDGAL)
    $4,764.68

    NYS DOL     (REFERENCE: SANDRA, DAMILOLA, EDGAL)
    $1,763.00

    ODJFS   (REFERENCE: SANDRA, DAMILOLA, EDGAL)
    $480.00

    RHODE ISLAND DEPARTMENT OF LABOR AND TRAINING     (REFERENCE: SANDRA, DAMILOLA, EDGAL)
    $899.00

    TWC- TEXAS WORKFORCE COMMISSION     (REFERENCE: SANDRA, DAMILOLA, EDGAL)
    $2,814.00

    ZACHARIAH LORENZ   (REFERENCE: SANDRA, DAMILOLA, EDGAL)
    $40,000.00

Restitution of $1,100,000.00, jointly and severally with co-defendant Chiagoziem Kizito Okeke (4:21-cr-00253-29), Chidindu Okeke (4:21-cr-00253-14), Damilola Kumapayi (4:21-cr-00253-8) and Sandra Iribhogbe Popnen (4:21-cr-00253-6), to:

    JAMES ELLETT   (REFERENCE: SANDRA, DAMILOLA, EDGAL)
    $300,000.00

    RICHARD DANNER   (REFERENCE: SANDRA, DAMILOLA, EDGAL)
    $300,000.00

    SHIRLEY MARTIN   (REFERENCE: SANDRA, DAMILOLA, EDGAL)
    $500,000.00

Restitution of $250,000.00, jointly and severally with co-defendant Sandra Popnen (4:21-cr-00253-6) and Ehiedu Onyeagwu (4:21-cr-00253-10), to:

DEFENDANT:        EDGAL IRIBHOGBE
CASE NUMBER:      4:21-CR-00253-ALM-BD(7)

    WILLIAM LAEHA

Restitution of $50,000.00, jointly and severally with co-defendant Benedicta Atakare (4:21-cr-00253-12), Sandra Popnen (4:21-cr-00253-6) and Mathew Okpu (4:21-cr-00253-11), to:

    JEANNETTE ERDMANN

Restitution of $130,000.00, jointly and severally with co-defendant Benedicta Atakare (4:21-cr-00253-12), Chiagoziem Kizito Okeke (4:21-cr-00253-29), Chidindu Okeke (4:21-cr-00253-14), Sandra Popnen (4:21-cr-00253-6) and Mathew Okpu (4:21-cr-00253-11), to:

    JANE ROE

Restitution of $2,295,000.00, jointly and severally with co-defendant Chiagoziem Kizito Okeke (4:21-cr-00253-29), Chidindu Okeke (4:21-cr-00253-14) and Sandra Popnen (4:21-cr-00253-6), to:

    ALICIA MYERS  (REFERENCE: SANDRA, EDGAL)
    $195,000.00

    DONALD ORTMANN    (REFERENCE: SANDRA, EDGAL)
    $600,000.00

    DWAYNE CARLEY  (REFERENCE: SANDRA, EDGAL)
    $800,000.00

    KIM HERBERT   (REFERENCE: SANDRA, EDGAL)
    $700,000.00

Restitution of $2,000.00, jointly and severally with co-defendant Sandra Popnen (4:21-cr-00253-6) and Ngozi Okeke (4:21-cr-00253-15), to:

    DEBRA SIMMONS

☐ Restitution amount ordered pursuant to plea agreement $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on the schedule of payments page may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
    ☒ the interest requirement is waived for the    ☐ fine    ☒ restitution
    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

\* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
\*\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22
\*\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: EDGAL IRIBHOGBE
CASE NUMBER: 4:21-CR-00253-ALM-BD(7)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A** ☒ Lump sum payments of $ 9,930,421.36 due immediately, balance due

☐ not later than _____, or

☐ in accordance ☐ C, ☐ D, ☐ E, or ☐ F below; or

**B** ☒ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☒ F below); or

**C** ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

**D** ☐ Payment in equal 20 (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** ☒ Special instructions regarding the payment of criminal monetary penalties:

**It is ordered that the Defendant shall pay to the United States a special assessment of $100.00 for Count 1 and $100 for Count 2, which shall be due immediately. Said special assessment shall be paid to the Clerk, U.S. District Court.** Any monetary penalty that remains unpaid when the defendant's supervision commences is to be paid on a monthly basis at a rate of at least 10% of the defendant's gross income. The percentage of gross income to be paid with respect to any restitution and/or fine is to be changed during supervision, if needed, based on the defendant's changed circumstances, pursuant to 18 U.S.C. §3664(k) and/or 18 U.S.C. § 3572(d)(3), respectively. If the defendant receives an inheritance, any settlements (including divorce settlement and personal injury settlement), gifts, tax refunds, bonuses, lawsuit awards, and any other receipt of money (to include, but not be limited to, gambling proceeds, lottery winnings, and money found or discovered), the defendant must, within 5 days of receipt, apply 100% of the value of such resources to any financial penalty ordered. None of the payment terms imposed by this Judgment preclude or prohibit the government from enforcing the unpaid balance of the restitution or monetary penalties imposed herein.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☒ Joint and Several
See above for Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ Defendant shall receive credit on her restitution obligation for recovery from other defendants who contributed to the same loss that gave rise to defendant's restitution obligation.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States: See attached.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA Assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.

DEFENDANT: EDGAL IRIBHOGBE
CASE NUMBER: 4:21-CR-00253-ALM-BD(7)

# ADDITIONAL FORFEITED PROPERTY

a. $560.62 seized from Wells Fargo Bank account xxxxxx0966 seized from Sandra Iribhogbe Popnen;
b. 78 assorted money/value cards seized from Sandra Iribhogbe Popnen;
c. 4 containers containing gold colored jewelry, including but not limited to, Necklace, bracelet and earring matched jewelry set in 18k yellow gold, classic link chain necklace in 18k yellow gold, gold jewelry in 18k yellow gold – 3 hoop earring sets and 1 petite chain necklace in floral theme, pair of dangle silver tone earrings, circular studs in silver and single gold tone hoop, seized from Sandra Iribhogbe Popnen;
d. $51.30 seized from PNC Bank account xxxxx1104 seized from Sandra Iribhogbe Popnen;
e. $6,133.86 seized from PNC Bank account xxxxxx0045 seized from Sandra Iribhogbe Popnen;
f. $35.04 seized from Regions Bank account xxxxx4940 seized from Sandra Iribhogbe Popnen;
g. $13,550.66 seized from Texas Credit Union account xxxxxxx6313 seized from Sandra Iribhogbe Popnen; and
h. $50.16 seized from BancorpSouth account number ending in 5536 seized from Sandra Iribhogbe Popnen.
i. All that lot or parcel of land, together with buildings, improvements, fixtures, attachments and easements located in Collin County, Texas at **706 S. Jupiter Road #1705, Allen, Texas 75002**, more fully described as Unit No. 1705, in Building 1700, and its appurtenant undivided interest in and to the general and limited common elements of THE CHATEAUX OF ALLEN TOWNHOMES, a condominium regime in the City of Allen, Collin County, Texas, according to the Condominium Declaration, dated August 1, 2000, recorded in/under Volume 5004, Page 1452 of the Real Property Records of Collin County, Texas and First Amendment to Declaration and Master Deed recorded in Volume 5056, Page 7525, refiled in Volume 5062, Page 68, and Second Amendment recorded in Volume 5294, Page 4652, and Third Amendment recorded in Volume 5871, Page 556, and Fourth Amendment recorded under Clerk's File Nos. 20061227001815600, 20111011001085510, Seventh Amendment recorded in Clerk's File No. 20120423000466440, and Eighth Amendment recorded in Clerk's File No. 20120928001228790, when taken with all Amendments and/or Supplements thereto. Commonly known as: 706 S. JUPITER ROAD, #1705, ALLEN, TEXAS 75002.
j. All that lot or parcel of land, together with buildings, improvements, fixtures, attachments and easements located in Collin County, Texas at **706 S. Jupiter Road #1806, Allen, Texas 75002**, more fully described as UNIT 1806, THECHATEAUX OF ALLEN TOWNHOMES, CITY OF ALLEN, A CONDOMINIUM PROJECT IN COLLIN COUNTY, TEXAS, TOGETHER WITH THE LIMITED COMMON ELEMENTS, AND AN UNDIVIDED INTEREST IN AND TO THE GENERAL COMMON ELEMENTS, AS SAME ARE DEFINED IN THE CONDOMINUM DECLARATION THEREOF, IN VOLUME 5004, PAGE 1452, VOLUME 5058, PAGE 7525, VOLUME 5062, PAGE 68, VOLUME 5294, PAGE 4652, VOLUME 5726, PAGE 5735, VOLUME 5871, PAGE 556, COUNTRY CLERK'S FILE NOS. 20061227001815600, 20111011001085510, 20120423000466440 AND 20140423000389390, OFFICIAL PUBLIC RECORDS, COLLIN COUNTY, TEXAS.
k. All that lot or parcel of land, together with buildings, improvements, fixtures, attachments and easements located in Collin County, Texas at **1510 Riverdale Drive, Allen, Texas 75013**, more fully described as CUMBERLAND
l. CROSSING PHASE I, BLKH, LOT 5. All that lot or parcel of land, together with buildings, improvements, fixtures, attachments and easements located in Collin County, Texas at Real Property located at **706 S. Jupiter #707, Allen, Texas** more fully described as: Unit 707, Building 700 (sometimes also referred to as Building 7), of THE CHATEAUX OF ALLEN TOWNHOMES, City of Allen, A condominium project in Collin County, Texas, together with the limited common elements, and an undivided interest in and to the general common elements, as same are defined in the Condominium Declaration thereof, in Volume 5004, Page 1452, Volume 5058, Page 7525, Volume 5062, Page 68, Volume 5294, Page 4652, Volume 5871, Page 556, County Clerk's File Nos. 20061227001815600, 20111011001085510 and 20120423000466440, Official Public Records of Collin County, Texas.